Opinion filed August 9,
2012

 

                                                                      
In The

                                                                             


  Eleventh
Court of Appeals

                                                                  
__________

 

                                                        
No. 11-10-00328-CR

                                                   
__________

 

                         
RONNIE WILLIAM PARNELL, Appellant

 

                                                            
V.

 

                                     
STATE OF TEXAS, Appellee



 

                                  
On Appeal from the 42nd District Court

 

                                                           
Taylor County, Texas

 

                                                   
Trial Court Cause No. 23965A

 



 

                                           
M E M O R A N D U M   O P I N I O N

 

           
Ronnie William Parnell entered an open plea of guilty to the offense of
possessing methamphetamine with the intent to deliver in a drug-free
zone.  The trial court sentenced him to confinement in the Institutional
Division of the Texas Department of Criminal Justice for a term of fifteen
years.  Appellant challenges his conviction in a single point of error. 
He asserts that his guilty plea was not knowing and voluntary.  We affirm.

Background
Facts

           
Appellant entered his plea of guilty on August 27, 2010.  He executed
written plea admonishments and a stipulation of evidence on that date, and he
entered his plea in open court.  At the hearing, the trial court
questioned appellant extensively regarding his understanding of the charges and
the various waivers he had executed and his willingness to enter an open plea
of guilty.  The trial court specifically asked appellant if he understood
the papers that he had signed.  The trial court also asked appellant if he
was pleading guilty freely and voluntarily.  The trial court accepted
appellant’s guilty plea based on his affirmative responses to these questions. 
At the end of the hearing, the trial court asked appellant about his “hurt
arm.”  Appellant responded that he had been bitten by a spider.

           
Appellant’s sentencing hearing occurred on October 15, 2010.  He testified
that he did not remember “half” of what occurred at the earlier plea hearing
because he was in a great deal of pain.  Appellant stated that he went to
the hospital immediately after the plea hearing and that he spent three weeks
there for treatment of a “heart problem.”  

           
Appellant subsequently filed a motion for new trial on November 12, 2010,
alleging that his guilty plea was not knowing and voluntary because “he had
been bitten by a poisonous spider and was suffering such that he was not of
sound mind and was unable to think with clarity and understanding.”  He
additionally alleged that he was taking pain medication that prevented him from
thinking clearly.  He further alleged that he entered the plea based upon
his understanding that the “drug-free zone” allegation would be dropped.

           
The trial court heard the motion for new trial on December 27, 2010.  Both
appellant and his wife testified at the hearing that he had been bitten by a
poisonous spider on the night before the plea hearing and that he was in a lot
of pain.  He testified that he could not think straight at the plea
hearing because he was “[s]paced out” and that he did not remember what
happened.  Appellant further testified that he did not recall his trial
counsel being at the plea hearing.  Appellant offered the medical records
from his hospital visit in support of his allegations.

           
The State countered appellant’s claim with testimony from appellant’s trial
counsel.    Trial counsel testified that he explained the
ramifications of the open plea to appellant prior to the entry of the plea and
that appellant appeared to understand them.  Trial counsel also testified
that he believed that appellant was competent when he entered the plea.  

Analysis

           
In a single point of error, appellant asserts that the trial court erred in
denying his motion for new trial on the basis that his plea was not knowing and
voluntary.  We review a trial court’s denial of a motion for new trial
under an abuse of discretion standard.  Hawkins v. State, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).  An abuse
of discretion occurs when the trial court acts in an unreasonable or arbitrary
manner or when it acts without reference to any guiding principles. Webb v. State, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007).
 We are mindful of the fact that the trial court is the sole arbitrator of
the credibility of the witnesses and evidence offered.  Charles
v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004).  We will
not substitute our judgment for that of the trial court but, instead, will
review the evidence in the light most favorable to the ruling to determine if
the trial court abused its discretion.  Webb, 232
S.W.3d at 112.

           
A plea must be entered knowingly, intelligently, and voluntarily.  Boykin v. Alabama, 395 U.S. 238, 243 (1969); Kniatt v. State, 206 S.W.3d 657, 664 (Tex.
Crim. App. 2006).  For a plea to be voluntary, it must be the
expression of the defendant’s own free will and must not be induced by threats,
misrepresentations, or improper promises.  Brady v.
United States, 397 U.S. 742, 755 (1970); Kniatt,
206 S.W.3d at 664.  In determining the voluntariness of a plea, we
consider all the relevant circumstances surrounding it.  State v. Collazo, 264 S.W.3d 121, 127 (Tex. App.—Houston [1st
Dist.] 2007, pet. ref’d).  A defendant’s sworn
representation that his guilty plea is voluntary “constitute[s] a formidable
barrier in any subsequent collateral proceedings.” Id.  (quoting Blackledge v. Allison,
431 U.S. 63, 74 (1977)).

           
We conclude that the trial court did not abuse its discretion in denying
appellant’s motion for new trial.  Initially, the trial court was able to
make its own evaluation of appellant’s competency at the plea hearing. 
The trial court was free to reject appellant’s subsequent, self-serving
testimony about his alleged lack of competence because it involved a matter of
credibility.  The trial court is the sole judge of the credibility of the
witnesses.  Charles, 146 S.W.3d at 208. 
It may choose to believe all, some, or none of the testimony presented.  Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).  The trial court is in the best position to determine the
weight to be given contradictory testimonial evidence because that
determination turns on an evaluation of credibility and demeanor.  Id.  Additionally,
the testimony from appellant’s trial counsel supports the trial court’s
determination.  Appellant’s medical records also support the trial court’s
determination.  The discharge summary from his hospital admission states
that he was “alert and oriented” upon admission after the plea hearing.[1]  Appellant’s sole point of error is
overruled.

This
Court’s Ruling

           
 The judgment of the trial court is affirmed.

           


 

                                                                                               
TERRY McCALL

                                                                                               
JUSTICE

 

August 9, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.














               
[1]The discharge summary also indicates that appellant was
admitted to the hospital with a “[r]ight upper
extremity abscess” due to intravenous drug abuse rather than a spider
bite.